UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

MICHAEL R. LUEDTKE,

          Debtor.

Case No. 05-45087

Chapter 7

_____

MEMORANDUM DECISION DETERMINING FILING DATE OF PETITION
_____

      The bankruptcy clerk's office received the chapter 7 debtor's petition on October 20, 2005. Because the petition was received after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the clerk's office requested from the debtor either a certificate of briefing required under 11 U.S.C. § 109(h) or completion of the form for filing a case without credit briefing.

      The debtor, an inmate at Redgranite Correctional Institution, responded to the clerk's request by certifying that on October 12, 2005, he had forwarded the petition, along with a disbursement request for partial payment of the filing fee, to the prison business office. The debtor asserts the appropriate filing date is the date he placed the petition in the prison mailbox, not the date it was received by the clerk's office.

      This court must therefore determine if the prison "mailbox rule," as articulated in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to the filing of bankruptcy petitions by pro se prisoners. This court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

      Neither the Bankruptcy Code, nor the Bankruptcy Rules, address how to determine

precisely when a filing occurs. Section 301 of the Bankruptcy Code provides that "a voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301; *see also* Fed. R. Bankr. P. 1002(a) ("petition commencing a case under the Code shall be filed with the clerk").

The general rule has been that a petition is filed for purposes of section 301 when it is first placed in the actual or constructive possession of the clerk. If there is a dispute as to when a petition was first placed in the possession of the clerk, the date and time stamp give rise to a rebuttable presumption of the time of filing. *See, e.g., In re Godfrey*, 102 B.R. 769 (B.A.P. 9th Cir. 1989); *In re Schleier*, 290 B.R. 45 (Bankr. S.D.N.Y. 2003).

In *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court concluded a pro se inmate's notice of appeal was filed at the moment the inmate delivered the notice to prison authorities for forwarding to the court clerk. In *Houston*, the inmate's notice of appeal was governed by Fed. R. App. Proc. 4(a)(1), which required the notice of appeal to be filed with the clerk of the district court within 30 days of the entry of judgment. 487 U.S. at 272. The Court first addressed whether the notice must reach the clerk before it could be considered filed. The Court characterized the question as one of timing, as distinguished from destination, and reasoned that while the notice must eventually reach the clerk, it need not reach the clerk before it can be considered filed. 487 U.S. at 272-73.

The *Houston* Court gave this rationale for the inmate filing rule:

Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation.... Worse, the pro se prisoner has no choice but to entrust the

2

> forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.

487 U.S. at 271.

The majority of the circuit courts have all applied, and some have extended, the *Houston* rule. *See, e.g., Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994) (extending the *Houston* rule to pro se inmates filing complaints); *Caldwell v. Amend*, 30 F.3d 1199, 1201 (9th Cir. 1994) (mailbox rule extended to Rule 50(b) motion); *Garvey v. Vaughn*, 993 F.2d 776, 781-82 (11th Cir. 1993) (extending the *Houston* rule to pro se inmates filing claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act); *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (per curiam) (mailbox rule applicable to objections to magistrate judge's report and recommendation); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735-36 (4th Cir. 1991) (extending the *Houston* rule to pro se inmates filing complaints under Fed. R. Civ. P. 5(e)); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990) (citing *Houston* and mentioning that while the inmate's complaint was filed in the district court beyond the deadline, the complaint was mailed from the prison in a timely fashion).

Each opinion emphasizes the status of the pro se prisoner as litigant, not the type of filing. *E.g., Dory*, 999 F.2d at 682 ("The foundation of *Houston* is the inherent disadvantage suffered by the pro se litigant in his inability to monitor the course of his litigation."); *Garvey*, 993 F.2d at 780 ("Central to the Court's holding in *Houston* is its concern for fairness in recognition of the 'unique' disadvantages of an incarcerated pro se litigant for court filings.").

Although the *Houston* "mailbox rule" applies to a pro se prisoner's filing of a notice of

3

appeal, the Seventh Circuit joined the overwhelming authority that the rule should be extended to prisoners filing pro se habeas petitions in *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999). For statute of limitations purposes, the court determined a pro se habeas petition was deemed filed when given to the proper prison authorities and not when received by the district court clerk. *Id*. at 502. Thus, there appears to be no distinction between the commencement or continuation of a case or action. In *Simmons v. Ghent*, 970 F.2d 392, 393 (7th Cir.1992), the Seventh Circuit assumed that the mailbox rule applied to *all* prisoner district court filings, including those under Rule 59(e).

Based on the overwhelming case law, this court concludes that the bankruptcy petition was filed at the moment the pro se inmate delivered the petition to prison authorities for forwarding to the bankruptcy clerk. Because the debtor delivered the petition and related documents to prison authorities on October 12, 2005, his petition is deemed filed on that date and he need not fulfill the requirements of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

The Seventh Circuit's musings in *Edwards v. United States*, 266 F.3d 756 (7th Cir. 2001), further supports this court's conclusion:

> The policy on which the *Houston* Court relied – that is, that institutional constraints prevent prisoners from monitoring the delivery of a notice of appeal after it has been entrusted to the prison authorities – applies with equal force to the filing of a motion under Rule 59(e). *We need not decide here whether there is any kind of paper, or any circumstance, under which a district court would be entitled to hold a pro se prisoner litigant to an actual receipt standard, but we are confident that this would be an exceptional situation.*

*Id*. at 758 (emphasis added).

For the reasons discussed above, the debtor's petition is deemed filed on October 12,

4

2005. The bankruptcy clerk of court is directed to reflect such filing date on its records. A separate order will be entered accordingly.

December 23, 2005

                                        Margaret Dee. McGarity
                                        U.S. Bankruptcy Judge

5

Case 05-45087-mdm    Doc 14    Filed 12/23/05    Page 5 of 5